UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LESLEY ALEXANDRA SAPHOS,<br><br>　　Plaintiff,<br><br>vs.<br><br>GROSSE POINTE<br>DEVELOPMENT COMPANY,<br>INC., a Florida corporation,<br><br>　　Defendant.<br>_____/ | Case No:　　6-06-CV257 – 18DAB |

**MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE**

NOW COMES the Defendant, GROSSE POINTE DEVELOPMENT COMPANY, INC. ("Defendant" or "Grosse Pointe"), by and through its undersigned counsel, and hereby files this Memorandum In Opposition to Plaintiff, LESLEY ALEXANDRA SAPHOS' ("Plaintiff's") Motion in Limine, and in support of the Memorandum in Opposition, states as follows:

1.　　Plaintiff filed her Motion in Limine on April 11, 2008.

2.　　Defendant responds and opposes the Motion as set forth in detail below.

**MEMORANDUM OF LAW**

Plaintiff, in her Motion in Limine, seeks to prevent Grosse Pointe from introducing any evidence and argument related to its affirmative defense of "estoppel" and/or "equitable estoppel." Her arguments for exclusion of evidence relating to the estoppel defense are that: (1) the defense of estoppel in an Fair Labor Standards Act ("FLSA") action is only available where the defendant shows that the employee committed fraud

Saphos v. Grosse Pointe Development Company, Inc., a Florida corporation
Memorandum in Opposition to Plaintiff's Motion in Limine
CASE NO. 6-06-CV257 – 18DAB - Page 2

by intentionally falsifying time records; and (2) that the Defendant did not address the

defense in the Joint Final Pretrial Statement.  Neither of these reasons is adequate for

excluding evidence relating to the affirmative defenses of estoppel and/or equitable

estoppel for the reasons set forth below.

1.  **Plaintiff's Motion In Limine addresses the substantive availability of the defense, rather than the submission of evidence relating to it.**

Conspicuously absent from Plaintiff's Motion in Limine is any discussion of the

Federal Rule of Evidence that Plaintiff believes requires the exclusion of evidence

relating to Grosse Pointe's estoppel defense.  Instead, the Plaintiff argues that Grosse

Pointe should be precluded from introducing evidence relating to its estoppel defense

because the defense is not available unless the employer can establish that the

employee committed fraud by intentionally submitting false time records to the

employer.

The Motion, though characterized as a Motion in Limine, addresses the

substance of the availability of the defense, rather than addressing evidentiary issues.

It appears that Plaintiff seeks to attack: (1) how the defense was originally pleaded by

Grosse Pointe; and (2) whether the defense is appropriate as a matter of law.[1]

If Plaintiff wished to argue that the defense of estoppel and/or equitable estoppel

was not adequately supported by the facts contained in Defendant's Answer and

Affirmative Defenses, or that equitable estoppel was not an appropriate defense to an

FLSA claim, Plaintiff has had ample opportunity to do so either by filing a Motion to

---

[1]   Plaintiff states numerous times throughout her Motion that estoppel is not a viable defense to an FLSA claim except in limited circumstances, and that the circumstances in this case do not give rise to the defense of estoppel "as a matter of law."  (Doc. 44, pp. 4-5).

Saphos v. Grosse Pointe Development Company, Inc., a Florida corporation
Memorandum in Opposition to Plaintiff's Motion in Limine
CASE NO. 6-06-CV257 – 18DAB - Page 3

Strike the Affirmative Defense, or by filing a Motion for Summary Judgment upon the applicability of the defense in this case. Plaintiff has done neither.

> **2.   Estoppel is a valid defense to an FLSA claim, and an employer seeking to raise estoppel as a defense need not establish that the employee committed intentional fraud before the admission of evidence relating to the defense is proper.**

While Grosse Pointe agrees with the Plaintiff that the defense of estoppel, arising in the context of an FLSA claim, must be based on something more than a mere failure to report overtime, the Plaintiff's statement that an employer must establish that an employee fraudulently falsified time sheets before it is able to raise the defense is inaccurate.

In the case of <u>Brumbelow v. Quality Mills, Inc.</u>, 462 F.2d 1324, 1327 (5th Cir. 1972), the court affirmed a directed verdict for the employer on equitable estoppel grounds. That case involved an employee who worked from home assembling light pull chords. <u>Id</u>. The employee routinely reported that she produced the required minimum number of pull chords within her regular eight (8) hour workday. The employee later sued the employer for violating the FLSA, claiming that she worked more than 8 hours on most workdays but never received any overtime compensation. <u>Id</u>. In deciding that case, the court held that the employer: (1) did not require or encourage the workers to submit time sheets that did not accurately reflect their hours; and (2) did not know, and had no way to know, that the employee was reporting fewer hours than she actually worked in order to keep her job. <u>Id</u>. At the heart of the court's decision in <u>Brumbelow</u> ,was whether the employer could be charged with constructive knowledge of the employee's overtime work. Since the court held that the employer did not know of the

Saphos v. Grosse Pointe Development Company, Inc., a Florida corporation
Memorandum in Opposition to Plaintiff's Motion in Limine
CASE NO. 6-06-CV257 – 18DAB - Page 4

employee's misstatements, the court found that she was estopped from later claiming overtime for the additional hours that she worked and never reported.

Following the binding precedent set forth in Brumbelow, supra, the Federal District Court for the Middle District of Florida held that estoppel is a viable defense to an FLSA claim, and that a showing of intentional fraud on the part of the employee is not necessary. Instead, all that is required is that the defendant establish that the employee affirmatively misled the employer as to the number of hours that were worked. For example, in the case of McGlothan v. Walmart Stores, Inc., 2006 WL 1679592, *2 (M.D. Fla. June 14, 2006), this Court held that the defense of estoppel "is available where the employee affirmatively misleads the employer regarding the number of hours worked and the employer had no knowledge of the employee's actual hours." *See also*, Green v. Amjak Enterprises, Inc., 2006 WL 2265455, *1 (M.D. Fla. Aug. 8, 2006)(citing McGlothan with approval and holding employee must "affirmatively mislead" employer in order to establish estoppel defense); Ayers v. Consolidated Constr. Servs. of SW Fla., Inc., 2007 WL 4181910, *1, (M.D. Fla. Nov. 26, 2007)(also citing McGlothan with approval and holding employee must "affirmatively mislead" employer in order to establish estoppel defense).

The more recent case of Martin v. Blessed Trininty Catholic Church, 2008 WL 1766925, *1-2 (M.D. Fla. April 14, 2008), similarly held that the estoppel defense may be raised by an employer who did not have reason to know that the employee worked overtime hours because it believed that the work being performed by the employee was a result of her volunteer efforts. In the Martin case, the employee worked as a bookkeeper performing services both for a church and the church's preschool. While

Saphos v. Grosse Pointe Development Company, Inc., a Florida corporation
Memorandum in Opposition to Plaintiff's Motion in Limine
CASE NO. 6-06-CV257 – 18DAB - Page 5

the church admitted that her services for the preschool were subject to the FLSA, it denied that the employee was entitled to overtime payment for the additional services she performed for the church. The church believed that the employee volunteered to perform certain bookkeeping services for the parrish, and that she was not entitled to compensation for any hours spent volunteering. In its affirmative defenses, the church argued that the employee should be estopped from claiming overtime eligibility for services she performed either at home or on a volunteer basis. The Court denied the employee's Motion to Strike the church's estoppel defenses in that case, holding that since the employer believed that the employee was performing services as a volunteer in her capacity as a parishioner of the church, the estoppel defense may be proper. As in the other cases cited in this Memorandum, the employer in the <u>Martin</u> case was not required to plead facts amounting to intentional fraud on the part of the employee in order to raise the defense of estoppel. Therefore, Grosse Pointe has adequately pleaded the affirmative defense of estoppel and/or equitable estoppel even though no facts were set forth that would establish intentional fraud.

    **3.** **The evidence that Plaintiff wishes to exclude, that of her failure to report any overtime hours worked to her employer, is also relevant to the issue of the employer's constructive knowledge of the overtime worked, which is an element upon which the Plaintiff bears the burden of proof.**

Finally, assuming that the basis for Plaintiff's Motion in Limine is that the evidence relating to the defense of equitable estoppel is "irrelevant" under Fed. R. Evid. 402, Grosse Pointe submits that it would be inappropriate to exclude evidence as irrelevant. According to Fed. R. Evid. 401, "relevant" evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination

Saphos v. Grosse Pointe Development Company, Inc., a Florida corporation
Memorandum in Opposition to Plaintiff's Motion in Limine
CASE NO. 6-06-CV257 – 18DAB - Page 6

of the action more probable or less probable than it would be without the evidence." Under Fed. R. Evid. 402, all relevant evidence is deemed admissible. In this case, Plaintiff seeks to exclude evidence relating to her failure to report the alleged overtime hours to her employer, as well as evidence regarding Grosse Pointe's failure to become aware of the overtime. This evidence is relevant not only to the defense of estoppel raised by Grosse Pointe, but it is also relevant to the issue of Grosse Pointe's constructive knowledge of Plaintiff's overtime work. To exclude this evidence would be prejudicial to the Plaintiff and Grosse Pointe, as Plaintiff bears the burden of establishing actual or constructive knowledge on the part of the employer.

WHEREFORE, for all of the reasons set forth above, Defendant, GROSSE POINTE DEVELOPMENT COMPANY, INC., respectfully requests that this Court deny Plaintiff's Motion in Limine (Doc. 44) in its entirety.

Respectfully submitted,

ROETZEL & ANDRESS
A Legal Professional Association

/s/ Jon D. Fishbane
JON D. FISHBANE
Florida Bar No. 0054909
AMY L. GARRARD
Florida Bar No. 0908711
850 Park Shore Drive
Trianon Centre, Third Floor
Naples, Florida 34103
(239) 649-2702
(239) 261-3659 (facsimile)
jfishbane@ralaw.com

Saphos v. Grosse Pointe Development Company, Inc., a Florida corporation
Memorandum in Opposition to Plaintiff's Motion in Limine
CASE NO. 6-06-CV257 – 18DAB - Page 7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 25, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: TRAVIS R. HOLLIFIELD, Hollifield Legal Centre, 147 E. Lyman Avenue, Suite C, Winter Park, Florida 32789.

/s/ Jon D. Fishbane
JON D. FISHBANE
Florida Bar No. 0054909